**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANDRE' DREW, #00663-000, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 19-cv-00285-JPG** |
| | ) | |
| MR. VANNOY, | ) | |
| MR. WALLACE, | ) | |
| and MR. TRUE, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Now before the Court is a Motion to Set Aside Judgment filed by Plaintiff Andre' Drew. (Doc. 38). He seeks to reopen this case and reinstate three claims that were dismissed without prejudice at screening for failure to state a claim (Counts 1, 4, and 5) and two claims that were dismissed without prejudice at summary judgment for failure to exhaust available administrative remedies (Counts 2 and 3). For the reasons set forth below, the motion is **DENIED**.

### BACKGROUND

Plaintiff Andre' Drew filed this action for alleged violations of his federally protected rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Names Agents*, 403 U.S. 388 (1971) and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb-2000bb-4. He claims that officials at the United States Penitentiary located in Marion, Illinois (USP-Marion), forced him to choose between his religious practice and other recreational or educational activities when they implemented a rule prohibiting Muslim inmates from praying in the recreational room during leisure time. (Docs. 1 and 23). The action was divided into the following five counts:

**Count 1:**     First Amendment free exercise of religion claim against Vannoy, Wallace, and True for enforcing a policy against Plaintiff that prohibits Muslim prayer in recreational areas.

**Count 2:**     Fifth Amendment equal protection claim against Vannoy, Wallace, and True for enforcing a policy which denied Plaintiff the ability to participate in recreational opportunities available to other inmates not practicing Islam by prohibiting Muslim prayer.

**Count 3:**     Religious Freedom Restoration Act (RFRA)/Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Vannoy, Wallace, and True for enforcing a policy against Plaintiff that prohibits Muslim prayer in recreational areas.

**Count 4:**     First Amendment and Fifth Amendment claim against True, Thompson, and Byran for denying Plaintiff access to USP-Marion's grievance procedure.

**Count 5:**     Fifth Amendment equal protection claim against True, Byran, and Thompson for denying Plaintiff access to USP-Marion's grievance procedures that are provided to other inmates.

(*See* Docs. 22 and 23).

At screening, the Court dismissed Counts 1, 4, and 5 for failure to state any claim for relief. (*See* Docs. 11 and 22). The Court held that Count 1 was foreclosed by the Supreme Court's decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). (Doc. 11, pp. 5-6; Doc. 22, p. 3). Consistent with longstanding precedent, the Court found that Defendants' denial, disregard, or mishandling of grievances, without more, stated no claim under the First or Fifth Amendment in Count 4. (Doc. 11, p. 8; Doc. 22, pp. 4-5) (citing *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011)). The Court also held that Plaintiff failed to sufficiently plead a violation of his right to equal protection in connection with his denial of access to the grievance process under the Fifth Amendment in Count 5. (Doc. 22, p. 5). All three claims were dismissed without prejudice. (Docs. 11 and 22).

At summary judgment, Counts 2 and 3 were also dismissed. (Doc. 36). The Court found that Plaintiff failed to exhaust his available administrative remedies before bringing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *Id.* These two remaining claims were

2

dismissed without prejudice.  *Id*.  Judgment dismissing the entire action without prejudice was entered and the case closed on August 25, 2020.  (*See* Doc. 37).

**MOTION TO SET ASIDE JUDGMENT (DOC. 38)**

On September 14, 2020, Plaintiff filed a Motion to Set Aside Judgment under Federal Rule of Civil Procedure 60(b)(6).  (Doc. 38).  He asks the Court to vacate the judgment, reopen the case, and allow him to proceed with all five claims.  (*Id*. at ¶¶ 4-5).

As for Counts 1, 4, and 5, Plaintiff offers new allegations, arguments, and authority in support of reinstating these claims.  (*Id*., pp. 3-11).  Although he does not squarely address the reasons this Court dismissed his claims at screening, Plaintiff describes his efforts to exhaust his available administrative remedies for the claims in great detail.  (*Id*., pp. 5-10).  He asks the Court to allow him to proceed with all three claims.  (*Id*.).

As for Counts 2 and 3, Plaintiff argues that Defendants lacked authority to deny him access to the administrative remedy process by ignoring or disregarding his informal resolution remedy request (BP-8).  (Doc. 38, ¶¶ 1-2).  Plaintiff admittedly failed to initiate the formal grievance process by filing a BP-9, BP-10, or BP-11, but he argues that he was excused from doing so because he received no response to his BP-8.  (*Id*. at ¶¶ 4-5).  Alternatively, Plaintiff asks the Court to find that his failure to exhaust was a defect that can be cured by vacating the judgment, reopening the case, and staying the matter while he exhausts his administrative remedies.  (*Id*.).

**APPLICABLE LEGAL STANDARD**

The Seventh Circuit has held that a motion challenging the merits of a district court's order will automatically be considered as having been filed pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b).  *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).  Plaintiff's motion to set aside judgment challenges the dismissal of Counts 1, 4, and 5 at screening (*see*

Docs. 11 and 22) and the dismissal of Counts 2 and 3 at summary judgment (*see* Doc. 36). Different standards and time-tables govern motions filed under these rules.

Under Rule 59(e), the Court may correct its own manifest errors of law or fact and consider newly-discovered material evidence. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). However, the rule does not provide a party with a vehicle for "undo[ing] its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id*. A Rule 59 motion must be filed within twenty-eight days of the order being challenged. Although Plaintiff's motion was filed within this time period, Plaintiff seeks relief under Rule 60(b) and not Rule 59(e).

Under Rule 60(b), the Court may relieve a party from an order or judgment on grounds of mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59 motion; or any other reason that justifies relief. FED. R. CIV. P. 60(b)(1)-(6). The reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989). Plaintiff seeks relief under the catchall provision authorizing relief for "[a]ny other reason" that is justified. (Doc. 38) (citing FED. R. CIV. P. 60(b)(6)). A Rule 60(b) motion must be filed within a reasonable time of the order being challenged.

Because Plaintiff's motion is timely under both rules, the Court has considered the merits of his motion under Rules 59(e) and 60(b). The Court notes, however, that a motion seeking

reconsideration of the judgment and filed within twenty-eight days of its entry is generally analyzed under Rule 59(e).  *Carter v. City of Alton*, 922 F.3d 824, 826 (7th Cir. 2019).

## DISCUSSION

Plaintiff is not entitled to relief under Rule 59(e) or 60(b).  He cites no manifest errors of fact, errors of law, newly-discovered evidence, or other reasons justifying relief under these rules.  Accordingly, the motion shall be denied.

**A.      Counts 1, 4, and 5**

Plaintiff does not squarely address or challenge this Court's reasons for dismissing Counts 1, 4, and 5 at screening.  Count 1 was dismissed as an unauthorized expansion of the *Bivens* remedy following the Supreme Court's decision in *Abbasi*, and Plaintiff does not challenge the Court's rationale or conclusion.  (*See* Docs. 11, 22, and 38).  He offers additional facts, arguments, and interpretations of this claim.  (Doc. 38).  His information and arguments are not new or based on newly-discovered evidence.  Plaintiff had access to this information all along and could have presented it to the Court in his original or amended complaint.

Counts 4 and 5 were dismissed because Plaintiff set forth insufficient allegations in support of each claim.  In his motion, Plaintiff offers additional facts and law in support of both claims.  Here again, he presents information that was available to him when he filed the original and amended complaint, so it is also not "newly discovered" withing the meaning of Rule 59(e) or 60(b).  He presents no law suggesting that the dismissal or either claim was in error.

Finally, Plaintiff argues that all three claims were properly exhausted before he brought suit.  This argument misses the point that all three claims were dismissed at screening for failure to state a claim under 28 U.S.C. § 1915A.  The Court did not (and did not need to) reach the issue of exhaustion.

Plaintiff's motion provides no basis for reopening the case and allowing him to proceed with Counts 1, 4, or 5, based on an error of fact, error of law, newly-discovered evidence, or any other reason justifying relief.

**B.      Counts 2 and 3**

Although Plaintiff challenges the dismissal of Counts 2 and 3 based on errors of law, the Court finds his arguments unavailing under Rule 59(e) and 60(b).  Plaintiff admittedly failed to initiate the formal grievance process before filing suit.  Citing law primarily outside this circuit, Plaintiff argues that the administrative grievance process was rendered unavailable when he received no response to his informal remedy request (BP-8).  (Doc. 38).  Relying on arguments that were already made (or should have been) and rejected in his response to the motion for summary judgment, Plaintiff asks the Court to revisit the issue of exhaustion.  Upon review, the Court finds no manifest error in its decision to dismiss these claims on exhaustion grounds.

The PLRA obligates prisoners to exhaust all available administrative remedies before filing suit.  *See* 42 U.S.C. § 1997e(a).  The statute explicitly provides that "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  *Id*.  The Seventh Circuit requires strict compliance with the PLRA's exhaustion requirement.  *Doe v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).  Proper exhaustion requires a prisoner to file complaints and appeals in the place, at the time, and in the manner required by the prison's administrative rules.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  Failure to properly exhaust all available remedies before filing suit is grounds for dismissal of the lawsuit.  *See Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008).

Federal prisoners bringing claims pursuant to *Bivens* and RFRA must use the BOP's Administrative Remedy Program, which involves four steps in its normal course. *See* 28 C.F.R. §§ 542.10-542.19. Plaintiff did not transition from the first step to the second step of this process, which provides:

**Step 1:**   The inmate must attempt informal resolution typically written on a BP-8 form.

**Step 2:**   If informal attempts do not resolve the grievance, the inmate must submit a formal Administrative Remedy Request on a BP-9 form within 20 calendar days of the event or injury giving rise to the complaint. 28 C.F.R. § 542.14. The Administrative Remedy Request must be answered by the warden of the institution where the inmate is located.

*See* 28 C.F.R. § 542.13-.14. Plaintiff made no attempt to begin the formal grievance process by filing a BP-9, after his BP-8 went unanswered. The formal process was not unavailable to Plaintiff. He never initiated it. Having failed to do so, Plaintiff is not entitled to relief under Rule 59(e) or 60(b) now.

Moreover, this defect cannot be cured by reopening the suit and staying the case while Plaintiff completes the administrative remedies process. A federal prisoner may only bring suit *after* exhausting all available administrative remedies. *See* 42 U.S.C. § 1997e(a). A "sue first, exhaust later" approach is not allowed. *Chambers v. Sood*, 956 F.3d 979 (7th Cir. 2020) (quoting *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004)).

Plaintiff's motion provides no basis for reopening the case and allowing him to proceed with Counts 2 and 3, based on an error of fact, error of law, newly-discovered evidence, or any other reason justifying relief. The Court finds no other grounds warranting relief from the Judgment under Rule 59(e) or Rule 60(b). Accordingly, Plaintiff's Motion to Set Aside Judgment (Doc. 38) shall be denied.

**DISPOSITION**

     **IT IS HEREBY ORDERED** that, for the reasons stated above, Plaintiff's Motion to Set

Aside Judgment (Doc. 38) is **DENIED** under Federal Rule of Civil Procedure 59(e) and/or 60(b).

     **IT IS SO ORDERED**.

     **DATED: 8/12/2021**

**s/J. Phil Gilbert**

**J. PHIL GILBERT**

**United States District Judge**
